IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TD BANK, N.A.** <br> 2035 Limestone Road <br> Wilmington, Delaware 19808, <br><br> *Plaintiff*, <br><br> v. <br><br> **EDGE INFORMATION SYSTEMS, LLC** <br><br> *Serve on Resident Agent*: <br> Winston M. Cox Jr. <br> 13007 Vicar Woods Lane <br> Bowie, Maryland 20720 <br><br> and <br><br> **WINSTON M. COX, JR.** <br> 500 Silver Clipper Lane, Unit 422 <br> National Harbor, Maryland 20745, <br><br> *Defendants*. | * <br> * <br> * <br> * <br> * <br> * <br> Civil Action No.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR ENTRY OF JUDGMENT BY CONFESSION

Plaintiff, TD Bank, N.A. ("***TD Bank***"), by its undersigned attorneys and pursuant to Local Rule 108.1, sues and confesses judgment against Defendants, Edge Information Systems, LLC and Winston M. Cox, Jr., jointly and severally, and in support states as follows:

## PARTIES

1. Plaintiff, TD Bank, is a national banking association, registered to conduct business in the State of Maryland, and with its main office located in Wilmington, Delaware. It is therefore a citizen of Delaware.

2. On information and belief, Defendant Edge Information Systems, LLC ("***Edge***") is a limited liability company organized under the laws of the State of Maryland with its registered principal place of business at 13007 Vicar Woods Lane, Bowie, Maryland 20720, and a registered mailing address of 1606 A Street SE Unit 1, Washington, DC 20003. Edge's resident agent is Winston M. Cox, Jr. with a registered address at 13007 Vicar Woods Lane, Bowie, Maryland 20720. Edge's member(s) is a citizen of the State of Maryland.

3. On information and belief, Defendant Winston M. Cox, Jr. ("***Mr. Cox***") is a citizen of the State of Maryland and currently resides at 500 Silver Clipper Lane, Unit 422, National Harbor, Maryland 20745.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Edge and Mr. Cox because they are Maryland citizens residing and doing business in Maryland and because Edge agreed to submit to the exclusive jurisdiction and venue of the state and federal courts of Maryland for any dispute arising out of the Note (as defined below).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Edge and Mr. Cox are residents of Prince George's County, Maryland and because a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in Maryland.

## GENERAL FACTS AND ALLEGATIONS

7. Pursuant to Local Rule 108.1(a) of the United States District Court for the District of Maryland, TD Bank has filed, along with this Complaint for Entry of Judgment by Confession, an Affidavit of Shelley McTaggart on behalf of TD Bank (the "***Affidavit***") attached

as Exhibit 1; and copies of the written instruments authorizing the confession of judgment, all of which are incorporated herein by reference.

8. On or about July 11, 2017, TD Bank provided a $100,000.00 commercial revolving line of credit to Edge (the "*Loan*"), the advances of which were to be used for general business purposes and operations.

9. The Loan is evidenced by, among other things: (i) a Promissory Note dated July 11, 2017 executed by Edge in favor of TD Bank in the principal amount of $100,000.00, plus interest at 3.040% above the Wall Street Journal Prime Rate (the "*Note*"), attached as Exhibit 2 and incorporated by reference.

10. In consideration for TD Bank's agreement to enter into the Note and to secure Edge's obligations thereunder, Mr. Cox guaranteed repayment of the Loan by executing a Commercial Guaranty dated July 11, 2017 in favor of TD Bank (the "*Guaranty*"), attached as Exhibit 3 and incorporated by reference.

11. The Note, the Guaranty, and any and all other instruments, agreements, and documents executed in connection with the Loan are collectively referred to herein as the "*Loan Documents*."

12. Under the terms of the Note, Edge promised to (i) pay the Loan in full upon demand; and (ii) pay regular monthly payments "of all accrued unpaid interest due as of each payment date, beginning August 11, 2017, with all subsequent interest payments to be due on the same day of each month after that." Ex. 2—Note, p. 1 ("Payment" clause).

13. Edge also agreed to pay a late fee if any regularly scheduled interest payment is 15 days or more late; or, if Edge fails to pay the Loan in full within 15 days after TD Bank demands payment of the Loan in full. *See* Ex. 2—Note, p. 1 ("Late Charge" clause).

14. Under the terms of the Guaranty, Mr. Cox agreed to guarantee "the performance discharge" of all of Edge's obligations under the Note and the Loan Documents, including, among other things, "the full and punctual payment and satisfaction" of "all of the principal amount outstanding. . . accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, [and] attorneys' fees…" owed by Edge to TD Bank. *See* Ex. 3—Guaranty, p. 1 ("Continuing Guarantee of Payment and Performance" clause and "Indebtedness" clause).

15. Mr. Cox further agreed to make any payments to TD Bank on demand. *See* Ex. 3—Guaranty, p. 1 ("Continuing Guarantee of Payment and Performance" clause).

16. Mr. Cox also agreed to pay all of TD Bank's attorneys' fees and other collection expenses incurred by TD Bank to enforce the Guaranty. *See* Ex. 3—Guaranty, p. 3 ("Attorneys' Fees; Expenses" clause).

17. Edge's failure to make any payment when due constitutes a Default under the terms of the Note. *See* Ex. 2—Note, at p. 3 ("Payment Default" section).

18. Upon Default, Edge agreed to pay a default interest rate on the Note of 18.000% per annum based on a year of 360 days. *See* Ex. 2—Note, p. 1 ("Interest after Default" clause).

19. Upon Default, Edge further agreed to pay all of TD Bank's attorneys' fees and collection expenses. *See* Ex. 2—Note, p. 1 ("Attorneys' Fees; Expenses" clause).

20. Upon Default, the Note authorizes TD Bank to confess judgment on behalf of Edge. The Note's Confession of Judgment clause provides in bold and capitalized font:

> **CONFESSED JUDGMENT. UPON THE OCCURRENCE OF A DEFAULT, BORROWER HEREBY AUTHORIZES ANY ATTORNEY DESIGNATED BY LENDER OR ANY CLERK OF ANY COURT OF RECORD TO APPEAR FOR BORROWER IN ANY COURT OF RECORD AND CONFESS JUDGMENT WITHOUT PRIOR HEARING AGAINST BORROWER IN FAVOR OF LENDER FOR, AND IN THE AMOUNT OF, THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THIS**

**NOTE, ALL INTEREST ACCRUED AND UNPAID THEREON, ALL OTHER AMOUNTS PAYABLE BY BORROWER TO LENDER UNDER THE TERMS OF THIS NOTE OR ANY OTHER AGREEMENT, DOCUMENTS, INSTRUMENT EVIDENCING, SECURING OR GUARANTYING THE OBLIGATIONS EVIDENCED BY THIS NOTE, COSTS OF SUIT, AND ATTORNEYS' FEES OF FIFTEEN PERCENT (15%) OF THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THIS NOTE AND INTEREST THEN DUE HEREUNDER.**

Ex. 2—Note, p. 2 ("Confessed Judgment" clause).

21. The Guaranty also contains a Confession of Judgment clause in bold and capitalized font, which provides as follows

**<u>CONFESSED JUDGMENT</u>. UPON THE OCCURRENCE OF A DEFAULT ON THE INDEBTEDNESS, GUARANTOR HEREBY AUTHORIZES ANY ATTORNEY DESIGNATED BY LENDER OR ANY CLERK OF ANY COURT OF RECORD TO APPEAR FOR GUARANTOR IN ANY COURT OF RECORD AND CONFESS JUDGMENT WITHOUT PRIOR HEARING AGAINST GUARANTOR IN FAVOR OF LENDER FOR, AND IN THE AMOUNT OF, THE UNPAID BALANCE OF THIS GUARANTY, ALL INTEREST ACCRUED AND UNPAID THEREON, ALL OTHER AMOUNTS PAYABLE BY GUARANTOR TO LENDER UNDER THE TERMS OF THIS GUARANTY OR ANY OTHER AGREEMENT, DOCUMENTS, INSTRUMENT EVIDENCING, SECURING OR GUARANTYING THE OBLIGATIONS EVIDENCED BY THIS GUARANTY, COSTS OF SUIT, AND ATTORNEYS' FEES OF FIFTEEN PERCENT (15%) OF THE UNPAID BALANCE OF THE PRINCIPAL AMOUNT OF THIS GUARANTY AND INTEREST THEN DUE HEREUNDER.**

Ex. 3—Guaranty, p. 3 ("Confessed Judgment" clause).

22. Edge failed to make all of its regular monthly payments of accrued unpaid interest due and owing under the terms of the Note.

23. Edge's failure to make all regularly scheduled monthly interest payments in full when due constitutes a Default under the terms of the Note and the Guaranty. *See* Exs. 2-3.

24. As a result of Edge's Default(s), TD Bank implemented the 18% default interest rate on December 21, 2022.

25. As a result of Edge's Default(s), TD Bank declared the entire unpaid principal balance of the Loan, together with accrued and unpaid interest, late fees, and other costs and expenses, if any, immediately due and owing, and sent Edge and Mr. Cox a letter dated February 10, 2023 (the "***Demand Letter***") demanding immediate payment of the Loan in full and attaching a payoff statement setting forth the amounts owed on the Loan as of the date of the Demand Letter. A copy of the Demand Letter is attached as <u>Exhibit 4</u> and incorporated by reference.

26. Despite TD Bank's demand for payment of the Loan in full, Edge and Mr. Cox failed to pay the Loan in full as required by the Note and the Guaranty.

27. Edge and Mr. Cox's failure to pay the Loan in full immediately upon TD Bank's demand also constitutes a Default under the terms of the Note and the Guaranty. *See* Exs. 2-4.

28. Edge and Mr. Cox are presently in Default on the Loan under the terms of the Loan Documents.

29. As of February 10, 2023, the amounts due and owing on the Loan are as follows:

| | |
|---|---|
| Principal | $94,500.00 |
| Interest | $6,555.29 |
| Late Fees | $274.26 |
| **Total** | **$101,329.55** |

*See* Ex. 1—Affidavit.

30. Interest continues to accrue at the *per diem* rate of $47.25. Late fees continue to be assessed in accordance with the terms of the Note.

31. Through this confessed judgment suit, TD Bank is also entitled to collect all costs and expenses, including reasonable attorneys' fees (in an amount up to 15% of the unpaid principal balance plus accrued interest), incurred in connection with the enforcement and collection of the Note and the Guaranty.

32. As of the filing of this Complaint, TD Bank has incurred attorneys' fees and costs in the total amount of $2,500.00. The Affidavit of Laurie Furshman in support of TD Bank's reasonable attorneys' fees and costs of suit incurred through the filing of this Complaint is attached as <u>Exhibit 5</u> and incorporated by reference

33. In addition to the above amounts, Edge and Mr. Cox are also obligated to reimburse TD Bank for its future attorneys' fees and expenses incurred to collect the amounts owed under the Loan, if any. TD Bank intends to file a supplemental affidavit and claim in support of any future attorneys' fees and expenses after the culmination of its collection efforts. *See e.g.*, Ex. 2—Note, p. 1 ("Attorneys' Fees; Expenses" clause) and p. 3 ("Confessed Judgment" clause) ("The authority and power to appear for and enter judgment against [Edge] . . . shall not be extinguished by any judgment entered pursuant thereto"); Ex. 3—Guaranty, p. 3 ("Attorneys' Fees; Expenses" clause and "Confessed Judgment" clause) ("The authority and power to appear for and enter judgment against [Mr. Cox] . . . shall not be extinguished by any judgment entered pursuant thereto").

34. An Affidavit of Non-Military Status in accordance with the Servicemembers Civil Relief Act of 2003, 50 U.S.C. App. § 501, *et seq.*, as amended, is attached as <u>Exhibit 6</u> and incorporated by reference.

35. A proposed Order entering Judgment by Confession in favor of TD Bank and against Edge and Mr. Cox, jointly and severally, along with a proposed Notice of Entry of Judgment by Confession, are being filed with this Complaint.

## <u>COUNT I</u>
**JUDGMENT BY CONFESSION UNDER THE NOTE**

36. TD Bank incorporates by reference all of the allegations contained in each of the numbered paragraphs of this Complaint as if fully set forth herein.

37. As set forth above, pursuant to the terms of the Note, a Default has occurred, and the Note's Confession of Judgment clause authorizes TD Bank to bring this action against Edge and to request entry of judgment against Edge, without prior notice or hearing, in the full amount of the unpaid principal balance of the Loan, all accrued and unpaid interest, and all other amounts payable under the terms of the Note, including costs of suit and attorneys' fees.

38. Accordingly, pursuant to Local Rule 108.1 and Maryland Rule 2-611, TD Bank requests the entry of judgment by confession against Defendant Edge as authorized by the Note.

39. As of February 10, 2023, Edge and Mr. Cox are jointly and severally indebted to TD Bank in the amount of $103,829.55, with interest, late fees, costs, expenses, attorneys' fees, and other amounts continuing to accrue.

WHEREFORE, Plaintiff, TD Bank, N.A., requests judgment by confession be entered in its favor and against Defendants, Edge Information Systems, LLC and Winston M. Cox, Jr., jointly and severally, in the amount of $103,829.55, plus a *per diem* interest of $47.25 from February 10, 2023 to the entry of judgment, post-judgment interest at the legal rate, and any other relief the Court finds to be just and proper. TD Bank further requests leave to submit a supplemental claim by affidavit for its future attorneys' fees and expenses, if any, after the culmination of its collection efforts.

## COUNT II
## JUDGMENT BY CONFESSION UNDER THE GUARANTY

40. TD Bank incorporates by reference all of the allegations contained in each of the numbered paragraphs of this Complaint as if fully set forth herein.

41. As set forth above, pursuant to the terms of the Note and the Guaranty, a Default has occurred, and the Guaranty's Confession of Judgment clause authorizes TD Bank to bring this action against Mr. Cox and to request entry of judgment against him, without prior notice or hearing, in the full amount of the unpaid principal balance of the Loan, all accrued and unpaid

interest, and all other amounts payable under the terms of the Note and the Guaranty, including costs of suit and attorneys' fees.

42. Accordingly, pursuant to Local Rule 108.1 and Maryland Rule 2-611, TD Bank requests the entry of judgment by confession against Mr. Cox as authorized by the Guaranty.

43. As of February 10, 2023, Edge and Mr. Cox are jointly and severally indebted to TD Bank in the amount of $103,829.55, with interest, late fees, costs, expenses, attorneys' fees, and other amounts continuing to accrue.

WHEREFORE, Plaintiff, TD Bank, N.A., requests judgment by confession be entered in its favor and against Defendants, Edge Information Systems, LLC and Winston M. Cox, Jr., jointly and severally, in the amount of $103,829.55, plus a *per diem* interest of $47.25 from February 10, 2023 to the entry of judgment, post-judgment interest at the legal rate, and any other relief the Court finds to be just and proper. TD Bank further requests leave to submit a supplemental claim by affidavit for its future attorneys' fees and expenses, if any, after the culmination of its collection efforts.

Date: March 21, 2023					Respectfully submitted,

					_____/s/_ Laurie Furshman_____
					Laurie G. Furshman (Fed. Bar No. 29604)
					Duane Morris, LLP
					100 International Drive, Suite 700
					Baltimore, Maryland 21202
					(410) 949-2943 telephone
					(410) 510-1274 facsimile
					Lgfurshman@duanemorris.com

					*Attorney for Plaintiff TD Bank, N.A.*